## SKINNER *v.* PHILLIPS *et al.*

1. By the Civil Code (1910), § 3857, it is declared that "Probate in common form becomes conclusive upon all parties in interest, after the expiration of seven years from the time of such probate, except minor heirs at law, who require proof in solemn form and interpose a caveat at any time within four years after arrival at age." On consideration of the history of the legislation from which this section was codified, it is held that the words "or parties" occurring in the act of 1845 (Acts 1845, pp. 39, 40), from which the section mentioned was in part codified, are no longer of force.

2. The propounder in the present case was one who claimed to be a legatee under an alleged will of the testatrix executed after that which had been probated in common form. He was the grandson of the testatrix, and his father was her sole heir at the time of her death. Accordingly, the propounder was not her heir, so as to fall within the exception provided by the section of the code above quoted.

SEPTEMBER 19, 1914.

Probate of will. Before Judge Hammond. Burke superior court, June 27, 1913.

*E. L. Brinson, F. S. Burney,* and *E. V. Heath,* for plaintiff.
*Callaway, Howard & West,* for defendants.

HILL, J. A will was probated in common form in 1889. In 1912 a person claiming to be a legatee under a will made after that which had been probated filed an application to revoke the probate of the will in common form, and to have probated in solemn form the alleged later will. A caveat was filed by a legatee under the probated will and by heirs at law of another legatee. In it they set up that the probate in common form had become conclusive, and that the proceedings to set it aside were barred by the statute of limitations. The propounder sought to relieve himself from the bar of the statute, by setting up that he was a minor, and that he had arrived at his majority less than four years before commencing the present proceedings.

Minority does not inherently operate to suspend all statutes of limitation. It is a question whether the legislature have excepted minors in the particular case or not. In 1845 the legislature enacted a law which declared: "That from and after the passage of this act, all proceedings for caveating or setting aside any will or wills, or requiring executors to prove the same in solemn form, shall be commenced within seven years after probate of will in the ordinary form, and granting letters testamentary or administration thereon, and not after, except as hereinafter prescribed." The second section declares: "That in all cases of heirs or parties being under the age of twenty-one years, at the time of the death of the testators, such heir or party shall be allowed four years after coming to twenty-one years, within which to commence his, her, or their proceedings against the will of such testator." Acts 1845, pp. 39, 40. In 1856 a general limitation law was enacted. Acts 1855-6, pp. 233-237. By the 14th section it was provided: "That all proceedings requiring a will to be proven in solemn form, or for setting aside and revoking the probate of a will already granted, shall be commenced within seven years after said will shall have been admitted to record, and not after." By the 19th section it was provided, that when any of the persons entitled to sue "as aforesaid" should be married women, idiots or lunatics, or in prison, or under the age of twenty-one years, "at the time the cause of action accrues," such persons should be entitled to sue within the time prescribed, after their respective disabilities should be removed. The 41st section declared that all acts and parts of acts limiting the time within which suits should be brought in the courts of law, and

also all other acts and parts of acts conflicting with the provisions of this act, should be repealed. When the compilers of the first code came to codify the provisions in regard to the probating of wills in common form, the limitation applicable thereto, and the exception to such limitation, they evidently had before them both of the acts above quoted; and they undertook to construe them together, and to formulate a section which should express the law as it remained of force in the light of these two statutes thus construed, omitting so much of the earlier act as they thought had become inoperative. Accordingly, they placed in the first code, which became operative in 1863, the following section: "Probate in common form becomes conclusive upon all parties in interest, after the expiration of seven years from the time of such probate, except minor heirs at law, who require proof in solemn form and interpose a caveat at any time within four years after arrival at age. In such cases, if the will is refused probate and record in solemn form, an intestacy shall be declared only as to such minor, and not as to others whose right to caveat is barred by lapse of time." This code was adopted by the legislature. This section has been included in each of the codes compiled since that time. Of these, the Code of 1895 and that of 1910 have been adopted. The marginal notes to the section of the Code of 1895 and that of 1910 show that the codifiers referred to the two acts mentioned as indicating the origin of the section.

From this review of the history of the present section of the code, we think that the omission of the words "or parties," and "or party," which occurred in the act of 1845, was not a mere accidental omission, but was intentional, and that the exception to the statute was intended to be, and is limited to "minor heirs," and does not extend to other parties; and the adoption of the different codes adopted the law in this form, and with this construction of the codifiers. The propounder was not an heir at law of the testatrix, but was the son of a son of the testatrix, who was also her only heir at law at her death. The propounder did not, therefore, come within the exception provided by the statute.

It was contended, in the brief of counsel for the plaintiff in error, that the evidence showed that the propounder only had knowledge of the later will a short time before he propounded it, and that he was prevented by fraud from commencing proceedings earlier.

There was no plea seeking to set aside a judgment on account of fraud, and no allegations or evidence sufficient to accomplish that result. *Crawford* v. *Crawford*, 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932).

Accordingly, we hold that the propounding of the second will was barred by the statute of limitations, and that the court properly directed a verdict for the caveators.

*Judgment affirmed. All the Justices concur.*